# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 2, 2010

## STATE OF TENNESSEE v. DANIEL LEON MCCAIG

**Appeal from the Circuit Court for Dyer County**
**Nos. C05-474, 08-CR-171 and 08-CR-172     Lee Moore, Judge**

---

**No. W2009-02097-CCA-R3-CD  - Filed July 22, 2010**

---

The Defendant, Daniel Leon McCaig, appeals from the order of Dyer County Circuit Court revoking his probation.  In May 2007, the Defendant pleaded guilty to attempted sexual battery and received a five-year sentence.  He was placed on probation.  Thereafter, on July 22, 2008, he pleaded guilty to a violation of the sex offender registry law and theft under $500.  He was sentenced to an effective sentence of two years for these new convictions, said sentence to be suspended and served on probation.  This new sentence was to be served consecutively to the five-year sentence, resulting in an effective seven-year sentence on probation.  Subsequently, a violation warrant was issued, wherein it was alleged that the Defendant violated the conditions of his probation.  The violation report was later amended.  Following a hearing, the trial court revoked the Defendant's probationary sentence and ordered that his original seven-year sentence to the Department of Correction be reinstated.  On appeal, the Defendant argues that the evidence does not support full revocation of his probation.  After a review of the record, we conclude that the trial court did not abuse its discretion by revoking the Defendant's probation. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

James E. Lanier, District Public Defender; Timothy Boxx, Assistant Public Defender, Dyersburg, Tennessee, for the appellant, Daniel Leon McCaig.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; C. Phillip Bivens, District Attorney General; and Karen W. Burns, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

In Case No. C05-474, a Dyer County grand jury indicted the Defendant for rape of a child. On May 15, 2007, the Defendant pleaded guilty to attempted aggravated sexual battery, a Class C felony. See Tenn. Code Ann. § 39-13-504. Pursuant to the terms of the plea agreement, he received a five-year sentence, which was suspended, and the Defendant was placed on probation. The Defendant also agreed to register as a sex offender.

On April 14, 2008, the Defendant was charged with violation of sexual offender residential restrictions, a Class E felony, and theft under $500, a Class A misdemeanor, (Case Nos. 08-CR-171 and 08-CR-172). See Tenn. Code Ann. §§ 39-14-103, 40-39-211. He pleaded guilty to those charges on July 22, 2008, and he was sentenced to two years for the violation of the sex offender registry and eleven months and twenty-nine days for the theft conviction. The new sentences were to be served concurrently with one another but consecutively to the prior five-year sentence—a seven-year sentence in total. He was again placed on probation.

On July 19, 2007, the Defendant's probation officer filed a violation report on the Defendant for failure to report, failure to provide proof of employment, failure to pay supervision fees, failure to get permission to change his address, failure to attend sex offender counseling, and absconding. In January 2008, the trial court revoked his probation. The Defendant was ordered to serve sixty days in jail, followed by a return to probation at the conclusion of his incarceration.

Thereafter, another probation violation warrant was issued on October 20, 2008. According to the warrant, the Defendant's probation officer sought to revoke the Defendant's probation because he failed to provide proof of work or a work search, changed his address without his officer's permission, failed to report, failed to pay supervision fees, failed to attend sex offender counseling, and failed to re-register as a sex offender. A probation violation report was issued in conjunction with the warrant, detailing the allegations against the Defendant. An amended violation report was filed in April 2009. In the amended report, in addition to expounding on the original allegations, it was stated that the Defendant was arrested in Missouri, although he did not have permission from his probation officer to leave the state.

A probation revocation hearing was held on June 29, 2009. Charles Smith, the Defendant's probation officer, testified that he was assigned to supervise the Defendant. Mr. Smith confirmed that the Defendant's probation had been previously revoked for a period

of time. When asked how the Defendant behaved after he was released, Mr. Smith replied that, "[i]n the beginning he was reporting, tried to comply. But shortly after, like I said, in October the 20th of 2008 I had to file another violation." Mr. Smith then detailed the allegations contained in the violation warrant. As for the allegation that the Defendant changed residences without permission, Mr. Smith explained that he conducted two home checks; however, the Defendant was not at home during either. According to the Defendant's father, the Defendant resided there but was at work on both occasions. Thereafter, on October 7, Mr. Smith phoned the residence and spoke with the Defendant's mother. The Defendant's mother stated that she had not seen her son since October 3, when he got mad at her and left the home. Additionally, the Defendant was required to register quarterly as a sex offender, and he failed to do so. Mr. Smith then testified about the allegations in his follow-up report filed on April 22, 2009, wherein he detailed that the Defendant was arrested in Missouri on April 15, 2009, when he did not have permission to leave Tennessee. In Mr. Smith's opinion, the Defendant was "unsupervisable."

On cross-examination, Mr. Smith confirmed that the Defendant was not permitted to work as a roofer, his chosen profession, due to the fact that children may be present inside the residences. Mr. Smith could not recall the Defendant ever telling him that he could not afford sex offender counseling.

The Defendant's mother testified. She explained that the Defendant was still living at her home when Mr. Smith called; they had just gotten into an argument, and the Defendant "went to his girlfriend's." She testified that the Defendant was working as roofer with her and her husband at residences where there were no children.

The Defendant claimed that he had been "repeatedly" attempting to obtain work by going to factories, but that they would not hire him due to his criminal background. He denied that he had ever changed residences and said he still resided with his mother at the time of the hearing. When asked about his failure to report, failure to re-register as a sex offender, and failure to attend counseling, the Defendant stated that Mr. Smith threatened to violate him, and he was "scared." The Defendant also claimed that he was unable to attend counseling because he could not afford it. According to the Defendant, he went to Missouri to find work, so he could pay his fines. He stated that he had paid $1,400 toward his fines.

On cross-examination, the Defendant stated that counseling was $25 per week or $50 for a private session. The Defendant confirmed that he lived with his parents and that they provided him with a place to live, food, and clothing, at no cost to him. He had no bills other than his court costs and fines. He admitted that his probation had previously been revoked for violating similar rules.

At the conclusion of the hearing, the trial court revoked the Defendant's probation, reinstated his original seven-year sentence, and remanded him to the Department of Correction, concluding as follows:

> All right, . . . you've been here before on very similar violations. In January of 2008 an order was entered; you were given a partial revocation at that time. You acknowledged your violations and now in less than a year after that we have the same thing happening again. You know the problem, the problem is not that you're not working. The problem is that you simply aren't gonna follow the rules. You're gonna do what you want to do. There is nothing in the probation—There is nothing in the probation that makes you—would make you be violated if you didn't get a job. All you've got to do is go up there regularly and showing them that you're trying to get a job. Don't tell me that you don't know that because we've been through that one time before already.
>
> And changing your residence: You get mad at your mama or you get mad at your daddy and so you leave and go and spend—and you stay with your girlfriend. That's violating your probation.
>
> You failed to report. I don't care whether it's because you think you've been violated or what. The truth of the matter is if you thought you were violated then you should have reported to jail. You knew exactly what was going on with that. You weren't reporting in September, October of '08. Didn't report ever after that and didn't—And you tell me here today that you were working, roofing during this time for your father and making sure that you weren't violating your probation and yet you don't ever have money to go get your sex offender counseling and you don't re-register. We don't—We can't have it. We're not gonna have it. You simply don't care about the rules and you don't care about the probation.

It is from the order of revocation that the Defendant now appeals.

## ANALYSIS

The Defendant contends that the evidence adduced at the hearing did not support full revocation of his sentence. Specifically, the Defendant states as follows:

> [T]he record shows that the [D]efendant did not have the ability to abide by the terms and conditions of probation as required by his probation officer. The

-4-

> [D]efendant was prohibited from working in his profession and all of his other problems flowed from his lack of ability to find work. He was unable to pay for supervision fees and counseling, so he was threatened with a violation. When he was threatened for not paying, the [D]efendant became scared and failed to report. When he could not find work that complied with his probation officer's requirements, the [D]efendant had to travel out-of-state.

We note that the Defendant does not challenge the grounds supporting revocation, only that he could not comply with the requirements.

A trial judge is vested with the discretionary authority to revoke probation if a preponderance of the evidence establishes that a defendant violated the conditions of his or her probation. See Tenn. Code Ann. §§ 40-35-310, -311(e); State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001). "The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment." State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991).

When a probation revocation is challenged, the appellate courts have a limited scope of review. This Court will not overturn a trial court's revocation of a defendant's probation absent an abuse of discretion. See Shaffer, 45 S.W.3d at 554. For an appellate court to be warranted in finding that a trial judge abused his or her discretion by revoking probation, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." Id.

Based upon our review of the record, we conclude that there is substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation occurred. The trial court noted that the Defendant's probation had already been revoked once on similar allegations. While the Defendant maintained that he could not find employment, he offered no proof of any attempts to find work. He changed residences without permission and did not attend counseling as ordered. Although he had no living expenses and worked periodically, he failed to pay for his supervision fees. The proof also showed that he failed to report and failed to re-register as a sex offender. He was arrested in Missouri, without permission from his probation officer to leave the state. The Defendant continued to fail to follow the rules of his probationary sentence. The trial court was statutorily authorized to reinstate the Defendant's original seven-year sentence. See Tenn. Code Ann. §§ 40-35-310, -311(e), -36-106(e)(4). Accordingly, we conclude that the trial court neither erred nor abused its discretion in revoking the Defendant's probation. This issue is without merit.

## CONCLUSION

Based upon the foregoing, the judgment of the Dyer County Circuit Court revoking the Defendant's probation and ordering reinstatement of his seven-year sentence in the Department of Correction is affirmed.

_____

DAVID H. WELLES, JUDGE